UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALITTA AIR, LLC,                          CASE NO. 07-CV-14454

              Plaintiff,               MAGISTRATE JUDGE R. STEVEN WHALEN

v.

UNITED AIR LINES, INCORPORATED,

              Defendants.
_____/

**OPINION AND ORDER RE: TAXATION OF COSTS**

Following a jury trial, judgment was entered in favor of Defendant and against Plaintiff [Doc. #164]. Defendant submitted a Bill of Costs in the amount of $792,235.41 [Doc. #165]. The Clerk of the Court allowed $25,043.90 [Doc. #166]. Defendant then timely filed a Motion for Costs and Review of Clerk's Action [Doc. #167], which is now before the Court.

The parties have also filed the following pleadings regarding taxable costs:

-Plaintiff's Response to Motion for Costs [Doc. #168].

-Defendant's Motion to Strike Plaintiff's Response [Doc. #169].

-Defendant's Reply to Plaintiff's Response [Doc. #171].

-Plaintiff's Response to Motion to Strike [Doc. #172].

-Defendant's Reply to Plaintiff's Response to Motion to Strike [Doc. #173].

-Defendant's Ex Parte Motion for Leave to File Supplemental Material in Support of Motion for Review of Clerk's Action [Doc. #174].

-Plaintiff's Response to Defendant's Ex Parte Motion and alternatively Plaintiff's Ex Parte Motion for Leave to File Supplemental Material [Doc. #175].

-Defendant's Reply to Plaintiff's Response to Ex Parte Motion [Doc. #176].

-1-

And they say that motions for costs should not result in a second round of major litigation. In any event, lest it be said that I overlooked any argument or failed to appreciate the significance of any document, I will consider every pleading and every scrap of paper filed by the parties. However, given this wealth of material, I will decide the underlying Motion for Costs [Doc. #167] on the written submissions, without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2). Accordingly,

Defendant's Motion to Strike Plaintiff's Response [Doc. #169] is DENIED.

Defendant's Ex Parte Motion for Leave to File Supplemental Material [Doc. #174] is GRANTED.

Plaintiff's (Alternative) Ex Parte Motion for Leave to File Supplemental Material [Doc. #175] is GRANTED.

Now on to the main event. Defendant seeks taxed costs in the amount of $792,235.41. Defendant has broken down its request into five general categories: (1) expert witness fees; (2) other witness fees; (3) costs associated with electronic evidence presentation; (4) copying and binding evidentiary documents; and (5) court reporter fees. *See Brief in Support of Defendant's Motion* [Doc. #167], pp. 3-6.

### **General Principles**

Fed.R.Civ.P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." The kinds of costs that can be taxed are set forth in 28 U.S.C. § 1920:

**(1)** Fees of the clerk and marshal;

**(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

**(3)** Fees and disbursements for printing and witnesses;

**(4)** Fees for exemplification and the costs of making copies of any materials

-2-

where the copies are necessarily obtained for use in the case;

**(5)** Docket fees under section 1923 of this title;

**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

E.D. Mich. Local Rule 54.1 states, "The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's website."

The award of costs under Rule 54(d)(1) is addressed to the court's discretion. *Singleton v. Smith,* 241 F.3d 534, 538 (6th Cir.2001).

## Expert Witness Fees

Defendant requests $719,816.49 in expert witness fees. The Clerk denied that request, citing § II(C)(2)(b) of the Bill of Costs Handbook, which provides that "[c]ompensation paid to an expert witness in excess of the statutory fees" is not taxable.

Citing the unpublished decision in *Tindall v. One 1973 Ford Mustang*, 2007 WL 2050408 (E.D. Mich. 2007), Defendant asks this Court to "exercise its 'broad discretion'" to award expert witness fees. *Defendant's Brief*, p. 3. However, under controlling Supreme Court precedent, expert witness fees in excess of the $40 per day set forth in 28 U.S.C. § 1821(b) are not recoverable as costs, and this Court has no discretion to order otherwise. In *Crawford Fitting Co. v. J. T. Gibbons, Inc*., 482 U.S. 437, 441 (1987), the Court, specifically addressing the issue of expert witness fees, examined the relationship between 28 U.S.C. § 1821, § 1920, and Rule 54(d), and found as follows:

> "The logical conclusion from the language and interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that the fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs."

-3-

Noting that 28 U.S.C. § 1920(6) allows taxation of costs for *court appointed* experts, *Crawford* concluded:

> "We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $30-per-day limit set out in § 1821(b) only when the witness is court-appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920." *Id.* at 442.

Ultimately, the *Crawford* Court held "that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Id.* at 445.

Likewise, in *L & W Supply Corp. v. Acuity* 475 F.3d 737, 741 (6th Cir. 2007), the Sixth Circuit held:

> "Based on the clear Supreme Court precedent as set forth in *Crawford,* 482 U.S. 437, 107 S.Ct. 2494, *Casey,* 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68, and *Arlington,* ─── U.S. ───, 126 S.Ct. 2455, 165 L.Ed.2d 526, we hold that expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them."

Defendant's motion for expert witness fees is therefore denied.

## Other Witness Fees

At issue here are the hotel costs for Defendant's witness Douglas Stimpson. These costs are recoverable as subsistence fees. *See* Bill of Costs Handbook, § I(C)(1)(a), and Defendant has provided an invoice showing a Marriott Hotel charge for $364.60. Defendant's request for this amount is granted.

## Electronic Evidence Presentation

Citing *BDT Products, Inc. v. Lexmark Intenational, Inc.*, 405 F.3d 415 (6th Cir. 2005), Defendant seeks $23,968.19 "in fees associated with the electronic presentation of evidence at trial, which included substantial fees associated with video editing and the presentation of video depositions at trial." *Defendant's Brief*, at 4.

-4-

Affirming the principle that "[t]he basic rule for what costs may be taxed in federal court is provided by 28 U.S.C. § 1920," *BDT Products* also held that "[t]he court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." *Id*. at 419. The Sixth Circuit then found that the district court did not abuse its discretion in awarding costs "beyond just the transcripts of the video deposition, including charges for video services, rough disk, interactive realtime, video tapes, and the synchronization of the video and deposition transcripts." *Id*.

In *Whirlpool Corp. v. LG Electronics, Inc.,* 2007 WL 2462659 (W.D.Mich. 2007), the court observed that "[i]n reviewing a request for taxation of costs, a court must look first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." (Internal quotations and citation omitted). While Defendant is entitled to *reasonable* costs associated with the video depositions that were presented at trial, the request for almost $24,000.00 is excessive. Nothing in *BDT Products* supports the proposition that the costs of presenting video testimony necessarily include paying a technician to appear in court every day, or that a party is entitled to foist its technological indulgences, however extravagant, on opposing counsel.

Schedule B to Defendant's Bill of Costs shows an expenditure of $5,749.94 for "video syncing video depositions to transcript on case for trial." There is also a $400.00 charge for "software to run timeline in trial," to which $24.00 in sales tax would be added. I find that these were necessary and reasonable expenses. The balance of the request for video expenses is not reasonable. Therefore, in my discretion, I will allow $6,173.94 for electronic evidence presentation.

## Copying and Binding Documents

Defendant requests $20,160.77 "associated with copying reams of paper

document/exhibits obtained during the course of discovery and binding them in binders for trial." *Defendant's Brief*, p. 5.  The Clerk denied this request, citing the Bill of Costs Handbook,  § II(F), which provides that such exemplification costs "are **not** recoverable within the discretion of the taxation clerk **unless** counsel has previously secured an order authorizing the recovery of these costs." (Emphasis in original). As Defendant's counsel notes, the matter of copying versus electronic production of exhibits was discussed at a pretrial conference, and the Court expressed a preference for exhibit books. However, the Court was not made aware of what turned out to be the high volume of documents (m of which were not used at trial), and significantly, counsel did not request authorization to recover costs at that time, or at any time prior to trial.

Nevertheless, in the exercise of my discretion, I will allow $3,500.00 in exemplification costs, which is a fair approximation of a reasonable amount based on the exhibit books that were actually utilized during trial.

### Court Reporter Fees

The Clerk disallowed $1,852.50 in video deposition fees related to witnesses Raymond Damaroo, Zoltan Kocis, Richard Bray and June Wygant, stating that there was no documentation showing that the videos of these depositions were used in court.  In fact, videos of Bray and Kocis were used for impeachment purposes. Court reporter fees in the amount of $590.00 for each of these two witnesses will therefore be allowed, for a total of $1,180.00.

### Conclusion

The Clerk approved $25,043.90 in taxed costs.  For the reasons set forth in this

-6-

Opinion and Order, Defendant's Motion for Review of Clerk Action and for an Award of Costs is GRANTED IN PART AND DENIED IN PART, as follows:

The motion is GRANTED as to hotel costs for Douglas Stimpson, in the amount of $364.60.

The motion is GRANTED as to electronic evidence presentation, but only in the amount of $6,173.94.

The motion is GRANTED as to copying and binding documents, but only in the amount of $3,500.00.

The motion is GRANTED as to court reporter fees, in the amount of $1,180.00.

Defendant is awarded costs, taxable to Plaintiff, in the total amount of **$36,262.44**.

In all other respects, Defendant's motion is DENIED.

IT IS SO ORDERED.


s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date:  September 28, 2012


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on September 28, 2012.

s/Johnetta M. Curry-Williams
Case Manager